**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD P. KAPLAN, | : | |
| Plaintiff, | : | Civil Action No. 15-1924 (CCC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JAMES R. MORANO, | : | |
| Defendant. | : | |

**CECCHI, District Judge:**

*Pro se* Plaintiff Richard P. Kaplan ("Plaintiff"), a convicted prisoner confined at the Federal Correctional Institution in Otisville, New York, files the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by a single defendant, James R. Morano ("Morano"). Because Plaintiff is proceeding under *in forma pauperis* status, at this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). For the reasons stated below, the Court dismisses the Complaint.

## I.      FACTUAL BACKGROUND

At the outset, the Court notes that the Complaint is sparse and contains very little factual allegations; indeed, Plaintiff's "Statement of Facts" is a one-page recitation of Plaintiff's claims,

comprised mostly of bare conclusory statements. (See ECF No. 1 at 2.) As such, the Court provides a very minimal background for the purposes of this Opinion.

Sometime in 2006, Plaintiff pled guilty to unspecified federal crimes. (ECF No. 1-1 at 4.) While in jail, Plaintiff's then-wife, Margherita A. Pitale, appears to have sought a divorce from Plaintiff. *See id.* at 19; (ECF No. 1 at 1.) Plaintiff alleges in the Complaint that Morano, Ms. Pitale's son, conspired with the government and Ms. Pitale to unlawfully "set him up." (ECF No. 1 at 1.) Plaintiff further alleges that Morano was responsible for Plaintiff losing his marital assets during the divorce proceedings. *Id.* Plaintiff also alleges that Morano concealed documents which show that Morano assisted Ms. Pitale in illegally using campaign funds. *Id.* Finally, Plaintiff alleges that Morano concealed illegal activities of New Jersey Governor Christopher Christie, James Cahill, and other government officials. *Id.* at 2. Plaintiff purportedly has attached exhibits showing that Morano "has fraudulent (sic) concealed evidence that has contributed to my false imprisonment." *Id.* at 2. However, the attached exhibits comprise of nothing more than proofs of service of certain lawsuits Plaintiff has filed against Ms. Pitale; a letter from Plaintiff's attorney to Plaintiff regarding his guilty plea; a memorandum concerning the law on fraudulent concealment; and various letters between Plaintiff and Ms. Pitale, and friends/family of Ms. Pitale, including one letter that may have been written by Morano to Plaintiff, asking Plaintiff to stop all contact with Ms. Pitale. (See ECF No. 1-1 at 15.)

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need

only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hosp.*, 293

F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

## III.   DISCUSSION

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

Here, Plaintiff names a single defendant, Morano, in the Complaint.  However, nowhere in the Complaint does Plaintiff explain how Morano, under the color of state law, violated Plaintiff's constitutional rights.  Plaintiff does not allege that Morano is either a state official, or that he conspired with a state official to deprive Plaintiff of his constitutional rights.  Moreover, even assuming that Morano was a state actor for the purposes of Plaintiff's § 1983 claims, Plaintiff has failed to state a claim upon which relief may be granted.  In fact, the Court finds that Plaintiff's claims are frivolous and utterly without merit.

### A.  Malicious Prosecution

Plaintiff asserts that Morano, under the color of law, "set him up" and wrongfully convicted Plaintiff of a crime.  The Court construes the claim as alleging malicious prosecution.  To state a

4

claim for malicious prosecution brought under § 1983, a plaintiff must satisfy each of the following elements: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Here, Plaintiff has failed to plead sufficient factual allegations to show that the criminal proceeding ended in Plaintiff's favor. "[T]o determine whether a party has received a favorable termination in the underlying case, the court considers the judgment as a whole in the prior action; . . . the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit." *Id.* at 188. Plaintiff does not specify what criminal proceeding the Complaint is referring to, and there are no factual allegations that can lead the Court to reasonably infer that any such proceeding ended in his favor. As such, the Court finds that Plaintiff has failed to state a valid malicious prosecution claim under § 1983.

**B. Marital Assets**

Next, Plaintiff asserts that Morano, under the color of law, intentionally deprived Plaintiff of his marital assets in Plaintiff's divorce proceedings. However, Plaintiff has failed to allege any facts that show how anyone, state actor or otherwise, could have done so under the color of law. In fact, to allege that Morano somehow could have unduly influenced the outcome of a legal proceeding under the color of law would require much more than the bare conclusory statements that Plaintiff alleged in his Complaint. *See Collura v. City of Phila.*, 590 F. App'x 180, 185 (3d Cir. 2014) ("[F]or a private party to be liable for [state] action it must, (1) have a 'pre-arranged

plan' with [state actors], and (2) [state actors] must substitute private party's judgment for their own") (citing *Cruz v. Donnelly*, 727 F.2d 79, 81-82 (3d Cir. 1984)).  Therefore, the Court finds that Plaintiff has failed to state a claim on this issue.

### C.  General Grievances

Next, Plaintiff asserts that Morano illegally used campaign contributions, accepted bribes from state officials, and intentionally concealed illegal activities of various state officials. However, Plaintiff lacks standing to assert those claims.  "To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'"  *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2662 (2013) (citation omitted).  Here, even if Plaintiff's allegations are true, he does not show how those alleged illegal activities directly affected him in a personal way; to establish standing, Plaintiff must have a "direct stake in the outcome of the case."  *Id.*  At best, Plaintiff's allegations amount to a claim that Morano's alleged activities, if true, would harm his and every citizen's interest, and that is insufficient to establish standing.  *See id.* ("[A] 'generalized grievance,' no matter how sincere, is insufficient to confer standing.").  Accordingly, the Court finds that Plaintiff has failed to state a claim on these issues.

### D.  State Law Claims

Finally, Plaintiff asserts state law claims under the New Jersey Tort Claims Act.  However, contrary to what Plaintiff argues in the Complaint, this Court does not have jurisdiction under the New Jersey Tort Claims Act.  *See Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and [federal] statute.") (internal quotations and citation omitted).

To the extent Plaintiff argues that this Court should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, § 1367 permits the district court, within its

discretion, to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Indeed, the Third Circuit has used even stronger language to describe the court's obligations under the provision. "The power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist." *Id.* "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

In light of the fact that this case is still before trial, that the Court has dismissed all of Plaintiff's federal claims, and that no extraordinary circumstances exist to compel the Court to exercise jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, the Court dismisses these claims without prejudice. Having dismissed all claims, the Court dismisses the Complaint.

## IV.    CONCLUSION

For the reasons set forth above, the Complaint is DISMISSED WITHOUT PREJUDICE. In the interest of justice, Plaintiff is afforded 30 days from the entry of the accompanying Order to amend the Complaint.

Date: Feby 2, 2017

_____
**Claire C. Cecchi, U.S.D.J.**

7